EDMUND G. BROWN JR. Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE DAVE COX, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May a city council member be paid a fee by a city for performing drug testing of a city employee who has been involved in a traffic accident, where the council member is the only certified drug tester in the immediate area who is available to perform the test?
 CONCLUSION
A city council member may be paid a fee for performing drug testing of a city employee who has been involved in a traffic accident, where the council member is the only certified drug tester in the immediate area who is available to perform the test, time is of the essence in performing the test, and the tester is paid on the same fee schedule and terms as any other tester operating under the contract. *Page 2 
 ANALYSIS
Government Code section 1090 prohibits conflicts of interest by public employees in the making of government contracts.[1] The statute is generally concerned with any financial interest, "other than perhaps a remote or minimal interest, which would prevent the officials involved from exercising absolute loyalty and undivided allegiance to the best interests" of their public agencies.[2] Under section 1090, "the prohibited act is the making of a contract in which the official has a financial interest."[3]
The Town of Truckee has a contract with a private consulting firm to perform certain drug testing services involving town employees. The drug testing services in question are required by federal law for employees who hold a commercial driver's license, including testing subsequent to a traffic accident involving the employee.[4] The federal regulations governing such tests require them to be performed "as soon as possible" after an accident.[5] The private firm maintains a list of medical personnel who are federally certified to perform drug testing for these purposes. In the immediate area of the town, the only federally certified testers are certain staff members at the local hospital, and one doctor who maintains a private office in Truckee. The next closest qualified tester is in Reno, Nevada, approximately 30 miles away. Truckee's representative has informed us that it takes a minimum of one hour to travel from Truckee to the medical facility in Reno, under favorable traffic and weather conditions.
The doctor who maintains a private office in Truckee is also a member of the town's governing council. If no other certified tester were available at the time, the doctor could be called upon to perform drug testing services under the terms of the contract. The council member-doctor's fee would be determined pursuant to the city's existing contract with the private consulting firm, on the same fee schedule and terms as any other tester operating under the contract. Based on these facts, the question is whether the doctor who is also a *Page 3 
council member may perform drug testing of a city employee who has been involved in a traffic accident when the council member is the only certified drug tester on duty in the immediate area.
Exceptions to the prohibition expressed in section 1090 have been made for certain "remote interests" specified in Government Code section1091, and "noninterests" specified in Government Code section 1091.5. The circumstances presented here, however, do not fit any category statutorily defined as either a "remote interest" or a "noninterest." In limited circumstances, however, a "rule of necessity" has been applied to allow the making of a contract that section 1090 would otherwise prohibit.[6] Under the rule of necessity, a government agency may acquire an essential service, despite the existence of a conflict, when no source other than that which triggers the contract is available; the rule "ensures that essential government functions are performed even where a conflict of interest exists."[7] T he mere fact that a proposed arrangement might be more convenient than other arrangements is not sufficient to invoke the rule of necessity. The rule may only be applied when all possible alternatives have been explored and the arrangement serves a real need.[8]
In an early opinion, for example, we concluded that a city could obtain emergency nighttime services from a service station owned by a member of the city council, where the town was isolated and the council member's station was the only one in the area that was open.[9] We cautioned, however, that routine and foreseeable services must be obtained from an unconflicted source.[10] More recently, we concluded that a healthcare district in a remote area could advertise its services on a local radio station, even though one of the district's directors was employed at the station.[11] After exploring other media outlets, such as newspapers, billboards, and television, it was found that the radio station was the only source that would allow the district to advertise its services in an efficient, cost-effective, and timely manner.[12] *Page 4 
Consistent with these decisions, we believe that a city council member may, for a fee, perform drug testing of a city employee who has been involved in a traffic accident where the council member is the only certified drug tester in the immediate area who is available to perform the test, and the tester is paid on the same fee schedule and terms as any other tester operating under the contract. Key to our conclusion is the fact that the nearest alternative tester is too far away to ensure the accuracy of post-accident drug testing. It is widely acknowledged that the results of drug testing change over time as drugs and alcohol are metabolized within the body.[13] Accordingly, federal guidelines require post-accident blood testing to be performed "as soon as possible" after an accident.[14] Both the town and the subject employee have an interest in obtaining the most accurate results possible from a post-accident drug test. Consequently, we believe that the exigencies inherent in a post-accident situation rise to the level of "necessity" for the purpose of allowing an exception to section 1090 under these circumstances.[15]
Accordingly, we conclude that a city council member may be paid a fee for performing drug testing of a city employee who has been involved in a traffic accident, where the council member is the only certified drug tester in the immediate area who is available to perform the test, time is of the essence in performing the test, and the tester is paid on the same fee schedule and terms as any other tester operating under the contract.
[1] Govt. Code § 1090 provides in part: "Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."
[2] Stigall v. Taft, 58 Cal. 2d 566, 569 (1962).
[3] People v. Honig, 48 Cal. App. 4th 289, 333 (1996).
[4] See 49 U.S.C. §§ 31100-31707 (2007); 49 C.F.R §§ 40.1-40.413 (2006).
[5] 49 C.F.R. § 40.61(b)(1), ex. 1 (2006).
[6] See generally 88 Ops.Cal.Atty.Gen. 106, 110 (2005).
[7] Eldridge v. Sierra View Hospital Dist., 224 Cal. App. 3d 311, 322
(1990).
[8] 88 Ops.Cal.Atty.Gen., supra, at 110-111.
[9] 4 Ops.Cal.Atty.Gen. 264, 264 (1944).
[10] Id.
[11] 88 Ops.Cal.Atty.Gen., supra, at 110-111.
[12] Id. at 111.
[13] See e.g. Schmerber v. California, 384 U.S. 757, 770-771 (1966) (upholding warrantless blood-alcohol testing following automobile accident because delay could lead to "destruction of evidence");Cole v. Department of Motor Vehicles, 139 Cal. App. 3d 870, 875 (1983) ("Inherent in the objective of obtaining the `best' evidence of an individual's blood alcohol level is the need that the test be completed in a timely fashion.")
[14] 49 C.F.R. § 40.61(b)(1), ex. 1 (2006). See generally Skinner v.Railway Labor Executives' Assn., 489 U.S. 602, 623 (1989) (noting that post-accident drug tests of railway employees "must be obtained as soon as possible").
[15] Even when the rule of necessity applies, the council member with the financial interest must still abstain from participating in the making or renewal of an otherwise-prohibited contract. Govt. Code §§87100, 87103. *Page 1